# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

March 1, 2016

Thomas P. Kurland
Associate
(212) 336-2019
Direct Fax: (212) 336-2445
tkurland@pbwt.com

**By ECF**

Hon. Margo K. Brodie, U.S.D.J.
United States District Court,
Eastern District of New York
225 Cadman Plaza East
Brooklyn New York 11201

      Re:    <u>Trisvan v. Heyman et al., 1;16-cv-00084-MKB-LB</u>

Dear Judge Brodie:

      We represent defendants Tom Heyman, Alex Gorsky, and Joaquin Duato (collectively "Defendants") in the above-referenced case. We write pursuant to Your Honor's Individual Rule 3.A to request a pre-motion conference in anticipation of Defendants' motion to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

      Plaintiff *pro se* John Trisvan is a convicted felon with a long history of filing frivolous lawsuits.[1] In this suit, Plaintiff alleges that Defendants are somehow personally responsible for injuries he purportedly sustained after he began taking the prescription anti-psychotic medicine Risperdal® in 2001. Risperdal® was manufactured and distributed in the United States by Janssen Pharmaceuticals, Inc. ("Janssen") until 2008, when its patent expired and generic versions of the medicine supplanted brand-name Risperdal® in the marketplace.

      Defendants are high-ranking executives of Janssen and Johnson & Johnson, Janssen's corporate parent. Mr. Heyman is the Chief Executive Officer of Janssen; Mr. Gorsky is the Chairman of the Board and Chief Executive Officer of Johnson & Johnson; and Mr. Duato

---

[1] *See, e.g.*, *Trisvan v. Annucci*, 2015 U.S. Dist. LEXIS 56844, at *2, *10 (E.D.N.Y. Apr. 29, 2015) (dismissing *sua sponte* $150 million § 1983 lawsuit against New York parole officials); *Trisvan v. The State of New York*, 2015-0490-034 (N.Y. State Ct. of Claims June 5, 2015) (dismissing $100 million lawsuit against the State of New York); Order of Dismissal, *Trisvan v. McKay*, No. 1:15-cv-8391 (E.D.N.Y. Jan. 12, 2016), Dkt. No. 5 (dismissing *sua sponte* lawsuit against (1) Bank of America loan officers and CEO for denying Plaintiff a home loan and (2) New York City officials for failing stop Bank of America from denying the loan).

is the Worldwide Chairman, Pharmaceuticals, of Johnson & Johnson. Neither Janssen nor Johnson & Johnson have been named as defendants in this case.

In his Complaint, Plaintiff makes broad, general allegations about his injuries—including weight gain, gynecomastia, and hypertension (which he alleges he developed in 2003), and liver disease (which he alleges he developed in 2015)—but no specific allegations tying those injuries to any conduct by Defendants. (*See* Dkt. No. 1, Complaint, at 3-4). This is unsurprising, because none of the Defendants held their current positions until after Janssen stopped selling Risperdal® in 2008. Moreover, Plaintiff fails to mention in his Complaint that *all* of his alleged injuries were disclosed on Risperdal®'s FDA-approved label since at least 1999, a fact which is subject to judicial notice.[2]

Even taking these allegations in a light most favorable to Plaintiff, his Complaint against Defendants is subject to dismissal for several reasons:

First, New York law is unambiguous that high-ranking corporate officials cannot be liable for the allegedly tortious acts of their corporate employers absent specific allegations of individual wrongdoing, which are not present here. *See Shostack v. Diller*, 2015 U.S. Dist. LEXIS 123777, at *13-14 (S.D.N.Y. Sept. 16, 2015) (quoting *Rella v. N. Atl. Marine, Ltd.*, 2004 U.S. Dist. LEXIS 11567, at *9 (S.D.N.Y. June 23, 2004)) (dismissing claims against individual corporate officers under Rule 12(b)(6)).

Second, applying New York's three-year statute of limitations for personal injury suits, Plaintiff's claims related to his alleged weight gain, gynecomastia, and hypertension—which Plaintiff purports to have developed in 2003—are time-barred on their face. *See Larkins v. Glaxo Wellcome, Inc.*, 1999 U.S. Dist. LEXIS 8215, at *13 (E.D.N.Y. May 20, 1999) (quoting NY CPLR § 214-c(2)).

Third, Plaintiff's claims related to his alleged liver disease are futile because (a) Risperdal®'s labeling has warned of such risks of since at least 1999; and (b) plaintiff does not and cannot identify a "reasonable alternative design" for Risperdal® which could have avoided these risks. *See Becker v. Cephalon, Inc.*, 2015 U.S. Dist. LEXIS 123670, at *16-17 (S.D.N.Y. Sept. 15, 2015) (taking judicial notice of FDA-approved labeling and dismissing failure to warn claim, holding "a products liability claim simply cannot lie against [defendant] based on the facts of this case because the [label] clearly and adequately warns of the very side effects suffered by the [plaintiff]"); *DiBartolo v. Abbott Labs.*, 914 F. Supp. 2d 601, 622 (S.D.N.Y. 2012) (dismissing design defect claim where Plaintiff could not allege how the product "as designed posed a substantial likelihood of harm".)

---

[2] *See, e.g.*, *Reed v. Pfizer*, 839 F. Supp. 2d 571, 576 (E.D.N.Y. 2012) (taking judicial notice of FDA-approved drug label and granting motion to dismiss)

      In light of the foregoing, Defendants respectfully request a pre-motion conference to address any questions the Court may have in connection with their contemplated motion to dismiss, or, in the alternative, a briefing schedule for the submission of their motion.

                                    Respectfully submitted,

                                    Thomas P. Kurland

cc:    Mr. John Trisvan (by Certified Mail)
       *Plaintiff Pro Se*
       378 Monroe St.
       Brooklyn, New York 11221