```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
JOHN TRISVAN,                                              NOT FOR PUBLICATION

                              Plaintiff,                   **MEMORANDUM & ORDER**
                                                           16-CV-84 (MKB)
                 v.

TOM HEYMAN, ALEX GORSKY, JOAQUIN
DUARTO, SIR PHILLIP HAMPTON and SIR
ANDREW WITTY,

                              Defendants.
-----------------------------------------------------------------
```

MARGO K. BRODIE, United States District Judge:

Plaintiff John Trisvan, proceeding *pro se*, commenced the above-captioned action against Defendants Tom Heyman, Alex Gorsky, Joaquin Duarto, Sir Phillip Hampton and Sir Andrew Witty, alleging that Defendants' companies[1] manufactured pharmaceutical drugs that caused Plaintiff liver damage, hypertension, cirrhosis and weight gain, and the companies failed to provide warnings of these effects.[2] (Compl., Docket Entry No. 1.) Defendants Hampton and Witty, executives for Glaxo Smith Kline ("GSK") PLC (the "GSK Defendants"), move to dismiss the Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief may be granted

---

[1] Plaintiff has not named the companies as defendants in this action. (*See* Compl.)

[2] While Plaintiff has not alleged that Defendants' actions violated any specific laws, (*see generally* Compl.), the Court interprets the Complaint to raise claims that Defendants' actions violated New York State tort law. *See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 725 F.3d 65, 96 (2d Cir. 2013) (holding that failure-to-warn claims are state law torts); *see also Wiley v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (holding that courts must liberally construe papers submitted by *pro se* litigants "to raise the strongest arguments they suggest").

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (GSK Defs. Mot. to Dismiss ("GSK Defs. Mot."), Docket Entry No. 23.) Defendants Heyman, Gorsky and Duarto, executives for Johnson & Johnson (the "Johnson Defendants"), separately move to dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Johnson Defs. Mot. to Dismiss ("Johnson Defs. Mot."), Docket Entry No. 25.) For the reasons discussed below, the Court grants the motions to dismiss. Plaintiff is granted leave to amend the Complaint.

## I. Background

For the purpose of this Memorandum and Order, the Court assumes the truth of the facts in the Complaint. In 2001, Plaintiff was prescribed Risperdal and Wellbutrin by his psychiatrist after the psychiatrist diagnosed him with "depression" and "psychosis." (Compl. 3.) Allegedly as a result of taking the medications, Plaintiff gained approximately 100 pounds and by 2003, developed hypertension. (*Id.*) In September of 2015, Plaintiff's physician conducted an ultrasound and discovered that Plaintiff had an "enlarged liver" and "fatty liver disease." (*Id.*) The physician informed Plaintiff that the Risperdal and Wellbutrin prescriptions may have caused his liver problems. (*Id.*) Plaintiff was never informed about the potential side effects he suffered from taking Risperdal and Wellbutrin. (*Id.*)

Johnson & Johnson's wholly owned subsidiary, Janssen Pharmaceuticals, manufactured Risperdal, and Johnson & Johnson distributed it. (*Id.*) Heyman is the President of Johnson & Johnson's development division and the Chief Executive Officer ("CEO") of Janssen Pharmaceuticals, Gorsky is the Chairman and CEO of Johnson & Johnson and Duarto is the Worldwide Chairman of Johnson & Johnson's pharmaceutical division. (*Id.*) All three men are based in Johnson & Johnson's offices in New Jersey. (*Id.* at 2.) Although Plaintiff alleges that

2

GSK PLC manufactures and distributes Wellbutrin, (*id.* at 4), Wellbutrin is manufactured and distributed by GSK LLC, a wholly owned subsidiary of GSK PLC that is based in Philadelphia, Pennsylvania.[3] Witty and Hampton are the CEO and Chairman, respectively, of GSK PLC, which is based in Brentford, United Kingdom.[4] Both Witty and Hampton are based in the United Kingdom.[5]

---

[3] *See* Company Overview of GlaxoSmithKline LLC, http://www.bloomberg.com/research/stocks/private/snapshot.asp?privcapId=24082353 (last visited March 24, 2017) ("GlaxoSmithKline LLC . . . was incorporated in 1929 and is based in Philadelphia, Pennsylvania . . . . GlaxoSmithKline LLC operates as a subsidiary of GlaxoSmithKline PLC."); Department of Health and Human Services, Center for Drug Evaluation and Research, Approval Package for Wellbutrin and Wellbutrin SR, at 9 (Dec. 23, 2013) (addressing a letter regarding the center's research on Wellbutrin to "GlaxoSmithKline LLC" located at "5 Crescent Drive" in "Philadelphia, PA"), http://www.accessdata.fda.gov/drugsatfda_docs/nda/2013/018644Orig1s046.pdf); *see also* U.S. National Library of Medicine, Wellbutrin SR (Apr. 27, 2016) (noting that Wellbutrin is made by GSK LLC), https://dailymed.nlm.nih.gov/dailymed/drugInfo.cfm?setid=cbc8c074-f080-4489-a5ae-207b5fadeba3; Drugs.com, Wellbutrin SR https://www.drugs.com/imprints/wellbutrin-sr-150-1055.html (last visited Mar. 22, 2017) (noting that Wellbutrin is made by GSK LLC). The Court may consider this material, as well as the materials in footnotes 4 and 5 *infra*, for the purposes of determining whether the Court has personal jurisdiction over Witty and Hampton because the materials are judicially noticeable, *i.e.* "not subject to reasonable dispute." *See United States v. Bari*, 559 F.3d 180–81 (2d Cir. 2010) (affirming a district court's decision where the district court had taken judicial notice of and relied on information from sales websites); *see also Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (noting that "in deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway" and may consider material outside the pleadings); *Swaitowksi v. Citibank*, 446 F. App'x 360, 360–61 (2d Cir. 2011) (holding that a court may rely on judicially noticeable documents in determining whether it has jurisdiction).

[4] *See* Company Overview of GlaxoSmithKline PLC, http://www.bloomberg.com/research/stocks/private/snapshot.asp?privcapId=275442 (last visited Mar. 24, 2017).

[5] *See* Biography of Sir Andrew Witty, http://www.gsk.com/en-gb/about-us/corporate-executive-team/sir-andrew-witty/ (last visited Mar. 24, 2017) (noting that Witty is the CEO of GSK PLC which is based in the United Kingdom); Biography of Sir Philip Hamilton, http://www.gsk.com/en-gb/about-us/board-of-directors/sir-philip-hampton/ (last visited Mar. 24, 2017) (noting that Hampton is on the board of directors for GSK PLC, which is based in the United Kingdom).

Plaintiff alleges that Defendants knew that Risperdal and Wellbutrin were unsafe but nevertheless continued to allow the medication to be sold and distributed and failed to warn Plaintiff of the potential side effects he eventually suffered. (*Id.*)

## II. Discussion

### a. Standard of review

#### i. Rule 12(b)(2)

On a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, "[a] plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." *Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 217 (2d Cir. 2013) (citing *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010)); *see also Thackurdeen v. Duke Univ.*, 660 F. App'x 43, 44–45 (2d Cir. 2016) ("In opposing a motion to dismiss for lack of personal jurisdiction, plaintiffs bear the burden of establishing that the court has jurisdiction over defendants." (citations, alterations and internal quotation marks omitted)). The plaintiff's burden is governed by a "sliding scale," which "varies depending on the procedural posture of the litigation." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)). If a defendant challenges personal jurisdiction by filing a Rule 12(b)(2) motion, "the plaintiff need persuade the court only that its factual allegations constitute a prima facie showing of jurisdiction." *Id.* at 85 (quoting *Ball*, 902 F.3d at 197); *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 167–68 (2d Cir. 2015) (same). Prior to discovery, a plaintiff need only plead "an averment of facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant." *Dorchester*, 722 F.3d at 84 (quoting *Ball*, 902 F.3d at 197); *Chirag v. MT Marida Marguerite Schiffahrts*, 604 F. App'x 16, 19 (2d Cir. 2015) ("A *prima facie* case requires non-conclusory fact-specific

allegations or evidence showing that activity that constitutes the basis of jurisdiction has taken place." (citing *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998))). After discovery, the plaintiff's prima facie showing must be factually supported. *Dorchester Fin. Sec.*, 722 F.3d at 85 (quoting *Ball*, 902 F.3d at 197).

The court must "construe the pleadings and any supporting materials in the light most favorable to the plaintiffs." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013) (citing *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010)); *Grundstein v. Eide*, 598 F. App'x 45, 46 (2d Cir. 2015) (citing *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001)). However, the court need not "accept as true a legal conclusion couched as a factual allegation." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013), *cert. denied sub nom. O'Neill v. Al Rajhi Bank*, 134 S. Ct. 2870 (2014) (quoting *Jazini*, 148 F.3d at 185). In resolving a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), a district court may consider materials outside the pleadings. *Dorchester Fin. Sec.*, 722 F.3d at 86 (citing *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010)); *Pinto-Thomaz v. Cusi*, No. 15-CV-1993, 2015 WL 7571833, at *3 (S.D.N.Y. Nov. 24, 2015) (citing *DiStefano*, 286 F.3d at 84).

In a case based on diversity jurisdiction,[6] personal jurisdiction is determined by the law of the state in which the court sits. *Ash v. Richards*, 572 F. App'x 52, 53 (2d Cir. 2014) (citing *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001). The court must first look to the state's long-arm statute. *Whitaker*, 261 F.3d at 208. If the court can exercise jurisdiction pursuant to the long-arm statute, the court must subsequently determine whether the exercise of

---

[6] Because the Court construes Plaintiff's allegations as state law tort claims, Defendants are based in New Jersey and the United Kingdom and Plaintiff alleges $25 million in damages, the Court has diversity jurisdiction over this action. *See* 28 U.S.C. § 1332.

personal jurisdiction over the defendant would comport with the Due Process Clause of the United States Constitution. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007) ("If, but only if, our answer is in the affirmative, we must then determine whether asserting jurisdiction under that provision would be compatible with requirements of due process established under the Fourteenth Amendment to the United States Constitution." (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945)).

ii. Rule 12(b)(6)

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint liberally, "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Concord Assoc's, L.P. v. Entm't Prop. Trust*, 817 F.3d 46, 52 (2d Cir. 2016) (quoting *Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)); *see also Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105

6

(1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Thus, Courts must liberally construe papers submitted by *pro se* litigants "to raise the strongest arguments they suggest." *Wiley v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015).

### b. The Court lacks personal jurisdiction over the GSK Defendants

The GSK Defendants argue that the Court lacks personal jurisdiction over them because they are residents of the United Kingdom and neither they nor their direct employer, GSK PLC, were involved in the manufacturing and distribution of Wellbutrin. (GSK Defs. Mem. of Law in Supp. of GSK Defs. Mot. ("GSK Defs. Mem.") 5–7, Docket Entry No. 23-1.) Plaintiff argues that the Court has personal jurisdiction over the GSK Defendants because "each [D]efendant conducts business within this country and [the] State of New York." (Pl. Opp'n to Defs. Mots. ("Pl. Opp'n") 2, Docket Entry No. 20.)[7]

The Court lacks personal jurisdiction over the GSK Defendants because Plaintiff fails to set forth any allegations showing that the GSK Defendants had any contacts with New York. While Plaintiff believes that Philadelphia-based GSK LLC and United Kingdom-based GSK PLC are the same entity, they are not.[8] Similarly, although Plaintiff believes that GSK PLC manufactured and distributed Wellbutrin, it did not.[9] (*See* Compl. 2 (stating that the GSK

---

[7] Plaintiff filed two oppositions responding to the motions to dismiss by both groups of Defendants. (*See* Docket Entry Nos. 20 and 27.) Because both oppositions are identical, the Court refers only to Plaintiff's first filed opposition.

[8] *See supra* Note 3.

[9] *See supra* Note 3.

Defendants are located at "5 Crescent Drive" in Philadelphia, Pennsylvania); *id.* at 4 (asserting that "GlaxoSmithKline (GSK) are the manufacturers and distributors behind Bupropion (Wel[l]butrin)[,] the anti-depressant drug made by the pharmaceutical company of which Defendants . . . Hampton and . . . Witty are respectively the Chairman and CEO").) Nor has Plaintiff made allegations that the United Kingdom-based GSK Defendants have had any contacts or business dealings in New York.[10] (*See generally* Compl.) Therefore, Plaintiff has not met his burden to show that the GSK Defendants had any contacts with New York to permit the Court to exercise personal jurisdiction over them. *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 625–26 (2d Cir. 2016) (holding that a plaintiff failed to show that the district court had personal jurisdiction over the defendant "[b]ecuase [plaintiff's] father's injuries did not arise from [defendant]'s activities" in the forum state); *Leon v. Shmukler*, 992 F. Supp. 2d 179, 193 (E.D.N.Y. 2014) (holding that the court lacked personal jurisdiction over a defendant because "courts consistently require the officer to have personally taken part in the activities giving rise to the action at issue" (citations omitted)); *see also Troma Entm't, Inc.*, 729 F.3d at 217 (holding that a plaintiff has the "burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit").

    c.    **Plaintiff fails to state a claim against the Johnson Defendants**

The Johnson Defendants move to dismiss the Complaint, arguing that they are corporate officers who may not be held liable for the allegedly tortious acts of their company unless they directly participated in the conduct that caused the injuries. (Johnson Defs. Mem. of Law in Supp. of Johnson Defs. Mot. ("Johnson Defs. Mem.") 7–12, Docket Entry No. 12.) Plaintiff

---

[10] *See supra* Note 5.

argues that the Johnson Defendants are liable for his injuries because they "orchestrat[ed] the entire operation" regarding the manufacture and distribution of Risperdal. (Pl. Opp'n 3–6.)

It is a well-settled principle of New York law that a corporate executive or officer may be held individually liable for torts that were allegedly committed by the executive's company only if the executive participated in or directly oversaw the allegedly tortious conduct. *See Bano v. Union Carbide Corp.*, 273 F.3d 120, 133 (2001) ("Under New York law, a corporate officer who commits or participates in a tort, even if it is in the course of his duties on behalf of the corporation, may be held individually liable." (citation and internal quotation marks omitted)); *Samad v. Goldberg*, No. 12-CV-5459, 2016 WL 6678923, at *8 (S.D.N.Y. Nov. 11, 2016) ("New York law provides that a corporate officer who participates in the commission of a tort may be held individually liable, regardless of whether the officer acted on behalf of the corporation in the course of official duties . . . ." (citations, alteration and internal quotation marks omitted)); *Leon*, 992 F. Supp. 2d at 194 ("[T]he general principle is that a corporate officer who commits or participates in a tort, even if it is in the course of the officer's duties on behalf of the corporation, may be held individually liable." (citing *Bano*, 273 F.3d at 131)).

Here, Plaintiff fails to state a claim for relief against the Johnson Defendants because the Complaint contains no allegations that they participated in the development, manufacture or distribution of Risperdal. Plaintiff alleges that the Johnson Defendants are liable for the injuries he suffered from taking Risperdal, but other than the fact that they are identified by their roles as corporates officers, the Complaint is devoid of any allegations specifying how the Johnson Defendants engaged in any activity that caused Plaintiff's injuries. Such allegations are insufficient to state a claim for relief against the Johnson Defendants. *See Bano*, 273 F.3d at 133 (affirming the dismissal of certain claims because "[t]he amended complaint [was] vague at best

in describing [the corporate officer]'s role, if any, in creating the [harm] on which the . . . claims are based"); *Krys v. Butt*, 486 F. App'x 153, 156 (2d Cir. 2012) (affirming dismissal of claims against a corporate officer because "all the complaint says about [defendant] was the he was an officer . . . who oversaw all of [the company]'s commodity pools." (alteration omitted)); *Samad*, 2016 WL 6678923, at *8 (finding that "the plaintiff's theory of personal liability is inapposite where the plaintiffs have not shown and cannot assert that [the corporate officers] engaged in the commission of the tort . . . in the course of performing their official corporate duties."); *Leon*, 992 F. Supp. 2d at 194 (granting the defendants' motion to dismiss "given the absence of any specific allegations as to [the corporate officer's] precise role as [p]resident . . . and his involvement in the alleged misconduct").

   d. **Leave to amend**

In light of Plaintiff's *pro se* status, he is granted thirty (30) days from the date of this Memorandum and Order to file an amended complaint. Should Plaintiff elect to file an amended complaint, the amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, and it must "plead enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Plaintiff is advised that the amended complaint will completely replace the prior complaint. Therefore, Plaintiff must include in the amended complaint all the necessary information that was contained in the prior complaint. The amended complaint must be captioned "Amended Complaint" and must bear the same docket number as this Memorandum and Order. If Plaintiff fails to file an amended complaint within thirty (30) days of this Memorandum and Order, the Court will dismiss this action.

### III. Conclusion

For the foregoing reasons, the Court grants Defendants' motions to dismiss. Plaintiff is granted leave to file an amended complaint within thirty (30) days of this Memorandum and Order.

SO ORDERED:

<u>    s/ MKB              </u>
MARGO K. BRODIE
United States District Judge

Dated: March 24, 2017
       Brooklyn, New York